No. 28,033.

JOHN SLOCUM, JR., *Appellant*, v. THE DELIA GRAIN
COMPANY, *Appellee*.

(266 Pac. 739.)

Opinion
filed May 5, 1928.

*Albert M. Cole,* of Holton, for the appellant.
*E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by a mortgagee to recover the value of corn sold and delivered by the mortgagor to the defendant. Defendant prevailed and plaintiff appeals.

The facts are substantially as follows: The plaintiff held two mortgages on certain corn of John Wensuc, growing in different fields, one for $201, another for $178.75. During November and December, 1924, Wensuc sold 1,174 bushels and 20 pounds of corn to the defendant. The manager of the defendant company testified that Wensuc told him in November the corn was mortgaged for $385. On December 6 plaintiff sent defendant's manager a note which reads:

"Dick, you may give John a check for $201 in my name for one note and it will be all right.                                        JOHN SLOCUM.

"P. S.—And pay him the balance on what he has."

Wensuc later sold more corn to the defendant, who paid him the amount due, and plaintiff received nothing on his second mortgage. The sole question is whether or not the defendant placed the proper construction on the written note signed by Slocum. The note appears definite in that defendant was to make a check for $201 to Slocum. The postscript, "And pay him the balance on what he has," could readily be interpreted to mean that the mortgagee desired the

balance for the corn to be paid to the mortgagor. The major portion of the corn had been delivered, and if plaintiff desired to enforce his rights under the mortgage he should not have instructed the elevator company to pay the balance to the mortgagor.

The trial court, considering all of the facts and circumstances and the relationship of the parties, found as a fact that the defendant correctly interpreted the letter sent by plaintiff, and that plaintiff could not recover. We are of opinion the statement contained in the postscript was so definite as to what was to be done with the balance of the proceeds of the corn that there can be no question but that defendant acted in accordance with the instruction. No good reason appears for having written the statement contained in the postscript unless the plaintiff meant that the defendant should pay the mortgagor for the balance of the corn.

The judgment is affirmed.